278

**STATE, Plaintiff-Appellee, v. FRANKEN, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3769.   Decided April 13, 1955.

Modarelli & Modarelli, Youngstown, for defendant-appellant.
William A. Ambrose, Pros. Atty., John R. Hooker, Asst. Pros. Atty., Youngstown, for plaintiff-appellee.

## OPINION

Per CURIAM.

Defendant was charged with, indicted for, and found guilty by a jury in the court of common pleas of unlawfully operating a motor vehicle over and upon Ohio State Route 18 in Jackson Township, Mahoning County, Ohio, at a speed of fifty miles an hour in a thirty-five mile zone, which speed it was charged was greater than was reasonable and proper having due regard to the traffic, surface and width of such highway and greater than would permit him to stop such automobile within the assured clear distance ahead.

The trial judge entered judgment upon the verdict of the jury and imposed sentence simultaneously therewith.

Defendant appealed from the judgment of the court of common pleas to this court on questions of law.

By assignments of error defendant contends:—

"A. That the verdict of the jury is manifestly against the weight of the evidence.

"B. That the verdict of the jury is contrary to law.

"C. That the court erred in not dismissing the indictment and discharging the defendant at the conclusion of state's case, to which exceptions were noted at the time.

"D. That the court erred in not dismissing the indictment and discharging the defendant at the conclusion of all the evidence, to which exceptions were noted at the time."

Defendant states by brief, and such statement is supported by the evidence, that:—

"The defendant took the stand in his own behalf and testified that Route 18 at the place of the alleged violation and for a considerable distance in both directions was improved to such a width as to adequately serve four (4) motor vehicles, two (2) each travelling in opposite directions; that on the occasion indicated, the surface of the roadway was good, the weather fair, the street dry, visibility good, lights, tires. and mechanical condition of his car excellent; and that there was but one car on his side of the street within view, which he did not pass; that he passed no car or cars proceeding in the opposite directions; that he struck no object in the road nor did his car come into collision with anything; that he did stop his car when summoned to do so by the State Highway Patrolman: * * *."

Further defendant testified that based on his judgment and not upon the speedometer reading of his car he was operating his automobile at the time of arrest at a speed of thirty-five miles an hour; and that he could stop his automobile within the assured clear distance ahead.

Two state highway patrolmen testified that by means of a radar type speed detecting device they found defendant operating an automobile in a closely built up residential section approaching a business district, "a residential district in the radar car itself and a business district just east on Route 18," at a speed of fifty miles an hour; that the business district to which reference is made was North Jackson, Ohio, at which place Route 18 was protected by a traffic signal.

Defendant states by brief that the question presented is:—

"Under the provisions of §4511.21 R. C., is proof of speed in excess of the limitations provided in the statute alone sufficient to warrant a finding of guilt where the defendant offers evidence as to the traffic, surface, and width of the street and other conditions, which evidence is not rebutted by the State? Specifically, then, is the judgment or conviction manifestly against the weight of the evidence?"

As suggested by the state's attorney by brief the sole question presented for our consideration and determination is whether the verdict of the jury is against the manifest weight of the evidence.

As applicable §4511.21 R. C., provides:—

"No person shall operate a motor vehicle, trackless trolley, or streetcar in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person

280

shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

"It shall be prima facie lawful for the operator of a motor vehicle, trackless trolley, or streetcar to operate the same at a speed not exceeding the following:

"(E) Fifty miles per hour on highways outside of municipal corporations."

There is evidence that various state patrol cars were operated through the area to which reference has been made which were checked to determine whether the speedometer of the state patrol car, which is constantly checked, synchronized with the speedometer readings obtained by radar readings; that a radar check of the various cars passing through such area was then made, and the defendant was checked at a speed of fifty miles an hour in a thirty-five mile zone, and was arrested at the scene.

The record submitted to us for review conclusively shows jurisdiction, and that at the time of his arrest defendant was operating his automobile in excess of thirty-five miles an hour in a closely built-up residential section approaching a business section in the center of North Jackson at a speed greater than was reasonable and proper, and that the evidence is such that the jury may find defendant guilty as charged beyond a reasonable doubt.

Upon the evidence submitted, which in our opinion is outlined sufficiently herein, this court concludes that a question was presented for the determination of the jury, with whose findings we can not interfere on the ground that the verdict was against the manifest weight of the evidence.

Finding no error prejudicial to defendant in any of the respects urged by him the judgment of the court of common pleas is affirmed.

PHILLIPS, PJ, NICHOLS and GRIFFITH, JJ, concur.